IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:07-710-HMH |
| vs. | ) | |
| | ) | |
| Dwight Lamar Spears | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Dwight Lamar Spears' ("Spears") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  After a thorough review of the facts and the pertinent law, the court dismisses Spears' § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 21, 2007, Spears pled guilty to conspiracy to utter counterfeit checks.  Carlyle Steele ("Steele") represented him at plea and sentencing.  Spears was sentenced to fifty-one (51) months' imprisonment on January 28, 2008, and did not appeal his conviction and sentence. Spears filed the instant § 2255 motion on October 27, 2008.[1]

In the instant § 2255 motion, Spears alleges four grounds for relief:  (1) lack of a factual nexus between personal and business checks; (2) double jeopardy; (3) ineffective assistance of counsel for failing to allow Spears to review discovery documents; and (4) his Pre-sentence Report ("PSR") overstated Spears' involvement in the conspiracy.  The court will address each of Spears' alleged grounds for relief below.

---

[1] See Houston v. Lack, 487 U.S. 266, 266 (1988).

1

**II. DISCUSSION OF THE LAW**

**A. Lack of Nexus Between Personal and Business Checks**

Spears challenges material facts relating to his guilty plea.  According to Spears, he "was charged with giving Home Depot $13,231.53 in business checks.  I have never given Home Depot a business check."  (Spears' § 2255 Motion 5.)  Spears alleges that he only "gave Home Depot some personal checks."  (Id.)

Further, Spears raises this issue for the first time in this § 2255 motion.  He failed to raise the issue on appeal.  In general, a § 2255 motion "will not be allowed to do service for an appeal."  Sunal v. Large, 332 U.S. 174, 178 (1947).  Thus, when a "defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a federal habeas proceeding only if the defendant can show both cause for and actual prejudice from the default, or that he is actually innocent."  United States v. Harris, 183 F.3d 313, 317 (4th Cir. 1999) (citation omitted).  Spears has failed to show cause or prejudice for failure to raise this claim on appeal.

"A voluntary and intelligent guilty plea is an admission of all the elements of a formal criminal charge . . . and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks and citation omitted).  "Furthermore, a guilty plea constitutes a waiver of all nonjurisdictional defects . . . including the right to contest the factual merits of the charges."  Id. (internal quotation marks and citation omitted).  There is no evidence that Spears' plea was involuntary.  Accordingly, Spears' attempt to challenge these facts is unavailing and his claim is without merit.

2

**B. Double Jeopardy**

Additionally, Spears appears to allege that he has been tried twice for an offense involving automobile credit finance in both state and federal court. Aside from Spears' conclusory "double jeopardy" allegation, however, he provides no explanation or factual assertions that support his claim. Further, the court is unable to discern any basis for this claim. Accordingly, Spears' double jeopardy claim is without merit.

**C. Ineffective Assistance of Counsel**

Spears also alleges that his counsel was constitutionally ineffective for failing to allow him to review checks and other requested materials. In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Spears must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Spears must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Even assuming that Spears' counsel failed to show him copies of certain checks, Spears fails to show that his counsel was constitutionally ineffective or that he has been prejudiced in any way. Spears pled guilty to uttering counterfeit checks. By pleading guilty, Spears admitted all of the elements of the crime. There is no evidence that Spears' guilty plea was involuntary. Spears has not offered any evidence that had he reviewed certain checks he would have insisted

3

on proceeding to trial.  In fact, the evidence is to the contrary.  Spears does not allege that he is

innocent.  Spears submits that he "did not cash that amount of business checks."  (Spears'

§ 2255 Mot. 8.)  By pleading guilty, Spears received the benefit of a three-point reduction in the

offense level for acceptance of responsibility, which lowered his guideline range from 70 to 87

months to 51 to 63 months.  Spears was sentenced to 51 months' imprisonment.  Spears

benefitted by pleading guilty early and receiving a lower sentence.  In light of Spears' admission

to his involvement in the conspiracy, Spears has not been prejudiced by any failure on his

counsel's part to show Spears certain checks.  Based on the foregoing, this claim is without

merit.

### D. Guidelines and Statements Overstated Spears' Involvement

Lastly, Spears alleges that the factual findings contained within the PSR overstated his

actual involvement in the conspiracy.  At sentencing, the court adopted the PSR without change.

To the extent Spears is challenging the four-point enhancement pursuant to U.S.S.G. § 3B1.1(a)

for his involvement as an organizer or leader, this argument is without merit.

First, Spears has failed to show any cause or prejudice for failure to raise this issue on

appeal.  Harris, 183 F.3d at 317.  Second, this claim fails on the merits.  In determining that a

defendant was an organizer of a conspiracy, the court considers

> the exercise of decision making authority, the nature of participation in
> commission of the offense, the recruitment of accomplices, the claimed right to a
> larger share of the fruits of the crime, the degree of participation in planning or
> organizing the offense, the nature and scope of the illegal activity, and the degree
> of control and authority exercised over others.

U.S.S.G. § 3B1.1 Application Note 4 (2007).  "There can, of course, be more than one person

who qualifies as a leader or organizer of a criminal association or conspiracy."  Id.  In adopting

4

the PSR, the court found, by a preponderance of the evidence, that the PSR contained facts that supported the finding that Spears was an organizer in the conspiracy.  See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (establishing that the court has the authority to resolve factual disputes under the preponderance of the evidence standard of proof under the advisory guidelines).  Moreover, Spears admitted his extensive involvement in the conspiracy when he pled guilty.  Other co-defendants also indicated that Spears was heavily involved in making vital decisions in the conspiracy.  (PSR Report ¶¶ 3, 38.)  Accordingly, Spears' claim is without merit.

Therefore, it is

**ORDERED** that Spears' § 2255 motion, docket number 454, is dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
November 6, 2008

## NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.