IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:07-710-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Dwight Lamar Spears, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Dwight Lamar Spears' ("Spears") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons given below, the court construes Spears' motion as a petition under 28 U.S.C. § 2241.

On August 21, 2007, Spears pled guilty to conspiracy to utter counterfeit checks. Spears was sentenced to fifty-one months' imprisonment on January 28, 2008. Additionally, Spears was ordered to pay Twenty-Four Thousand Six Hundred Sixty-Three Dollars and Twenty-Seven Cents ($24, 663.27) in restitution. Spears filed the instant motion on November 9, 2009,[1] challenging the amount of restitution he was ordered to pay.

"[Section] 2255 may not be utilized for the sole purpose of attacking fines and orders of restitution." Blaik v. United States, 161 F.3d 1341, 1342 (11th Cir. 1998); see also United States v. Corcho, No. 02-7747, 2003 WL 1712118 at *1 (4th Cir. Apr. 1, 2003) (unpublished) (citing to Blaik and explaining that because prisoner did "not seek to be released from custody . . . it is well settled that § 2255 relief may not be granted when the litigant challenge[d] only a fine or restitution order.") Section 2255 states:

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

> A prisoner in custody under sentence of a court established by Act of Congress *claiming the right to be released* upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). "Here we are faced with the motion of a prisoner who does not request a release from custody." <u>Blaik</u>, 161 F.3d at 1342. Instead, he challenges the amounts of restitution ordered as well as the identity of certain alleged victims to whom he has been ordered to pay. "If granted[,] this request would require us to take an action that is not authorized by the plain language of the statute. A reduction in restitution is not a release from custody." <u>Id.</u>

Accordingly, the court construes Spears' motion as a habeas corpus petition under 28 U.S.C. § 2241. <u>See</u> <u>United States v. Hudgins</u>, No. 06-6048, 2006 WL 2794412 at *1 (Sept. 25, 2006) (unpublished) ("Because a § 2255 motion may not be used for the sole purpose of challenging fines or restitution orders, we conclude that the district court should have treated Hudgins's claim as a habeas corpus petition under 28 U.S.C. § 2241 (2000).").

It is therefore

**ORDERED** that Spears' § 2255 motion, docket number 507, is dismissed. The Clerk of Court is instructed to construe Spears' motion as a § 2241 habeas corpus petition and assign a new civil case number.

**IT IS SO ORDERED**.

                                            s/Henry M. Herlong, Jr.
                                            Senior United States District Judge

Greenville, South Carolina
December 1, 2009

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.