IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:07-710-HMH |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Dwight Lamar Spears, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Dwight Lamar Spears' ("Spears") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons explained below, the court summarily dismisses Spears' motion.

### I. Factual and Procedural Background

On August 21, 2007, Spears pleaded guilty to one count of conspiracy to utter counterfeit business checks in violation of 18 U.S.C. § 371. The court sentenced Spears to fifty-one months' imprisonment and ordered him to pay restitution in the amount of $24,663.27. Spears did not appeal his conviction or sentence. (Spears § 2255 Mot. at 2.) On October 27, 2008, Spears filed a § 2255 motion alleging multiple grounds of relief. Finding Spears' claims for habeas relief without merit, the court summarily dismissed Spears' motion. United States v. Spears, Cr. No. 6:07-710-HMH, 2008 WL 4849682, at *2 (D.S.C. Nov. 6, 2008) (unpublished). Spears appealed the dismissal of his § 2255 motion to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit dismissed Spears' appeal. United States v. Spears, No. 08-8413, 2009 WL 167007, at *1 (4th Cir. Jan. 26, 2009) (unpublished). Spears filed a second § 2255 motion on November 12, 2009. Upon review, this court dismissed Spears'

1

motion after determining that the relief he sought was not cognizable under § 2255 and must be brought under 28 U.S.C. § 2241.  United States v. Spears, Cr. No. 6:07-710-HMH, 2009 WL 4585545, at *1 (D.S.C. Dec. 1, 2009) (unpublished).  Spears filed the instant § 2255 motion on March 16, 2011, challenging the court's computation of his restitution and loss amounts and contending that had the court properly calculated the loss amount, he would have received a lower sentence.  (Spears § 2255 Mot. at 6.)

## II. Discussion of the Law

As an initial matter, the court must determine whether the relief Spears seeks is cognizable under § 2255.  Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress *claiming the right to be released* upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added).  "[I]t is well settled that § 2255 relief may not be granted when the litigant challenges only a fine or restitution order . . . ."  United States v. Corcho, No. 02-7747, 2003 WL 1712118, at *1 (4th Cir. Apr. 1, 2003) (unpublished).  The plain language of § 2255 authorizes the court to provide relief only to inmates who "claim a right to be released from custody."  United States v. Watroba, 56 F.3d 28, 29 (6th Cir. 1995).  If a federal inmate were permitted to challenge solely the amount of restitution in a § 2255 motion, then the inmate's "request would require [the court] to take an action that is not authorized by the plain language of the statute.  A reduction in restitution is not a release from custody."  Blaik v. United States, 161 F.3d 1341, 1342 (11th Cir. 1998).  To state a cognizable claim for relief

under § 2255, therefore, an inmate must challenge the validity or duration of his confinement. United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999).

Spears challenges the calculation of the total loss associated with the underlying conspiracy and maintains that it affected the duration of his sentence. (Spears § 2255 Mot. at 6.) According to his Presentence Investigation Report ("PSR"), the loss amount as a result of the conspiracy was $58,283.09. (PSR ¶ 39.) Because the total loss exceeded $30,000, Spears' offense level was increased by six points pursuant to § 2B1.1(b)(1)(D) of the United States Sentencing Guidelines ("U.S.S.G."). (Id. ¶ 92.) Spears contends that the court erroneously calculated the total loss amount and that if it were calculated properly, his offense level would not be subject to a six-point increase. (Spears § 2255 Mot. at 7.) The relief Spears seeks, therefore, is not merely a reduction in the amount of restitution the court ordered him to pay; instead he claims a right to be released from prison. Because Spears challenges the duration of his sentence, his claim for habeas relief falls within the ambit of § 2255.

The instant motion is Spears' second attempt at securing habeas relief under § 2255. "Before a second or successive [habeas] application . . . is filed in the district court, the appellant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Spears has failed to seek authorization from the Fourth Circuit to file a second § 2255 motion, the court must dismiss the instant motion for lack of subject matter jurisdiction. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

It is therefore

**ORDERED** that Spears' § 2255 motion, docket number 551, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Spears has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 31, 2011

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.